UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TREVOR WARREN,

                      Petitioner,

        v.

UNITED STATES OF AMERICA,

                      Respondent.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-230 (MKB)

MARGO K. BRODIE, United States District Judge:

      Petitioner Trevor Warren, proceeding *pro se* and currently in custody of the United States Immigration and Customs Enforcement ("ICE") at the Etowah County Detention Center in Gadsden, Alabama, commenced the above-captioned action against Defendant the United States of America in the United States District Court for the Southern District of New York ("SDNY"). (Pet., Docket Entry No. 1; Letter dated Sept. 9, 2019, Docket Entry No. 8.)[1] Petitioner appears to challenge a number of state court convictions, dating from 2001 until 2018, in the Criminal Court of the State of New York, Kings County ("Kings County Criminal Court"), for, *inter alia*, driving with a suspended license and misdemeanor assault, and alleges that he was not informed by either his attorney or the state court that pleading guilty would affect his immigration status. (Pet. 1–2.)[2]

      The district court in SDNY granted Petitioner's request to proceed *in forma pauperis*

---

[1] *See also Online Detainee Locator System*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/index (last visited Jan. 21, 2020).

[2] Because the pages of the petition are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

("IFP") and directed Respondent to answer the petition. (Order dated July 30, 2019, Docket Entry No. 4; Order dated Aug. 12, 2019, Docket Entry No. 6.) On October 7, 2019, Respondent moved to transfer the petition to the Eastern District of New York ("EDNY") because Petitioner challenges state court convictions in Kings County Criminal Court, located in EDNY. (Resp't Mot. to Transfer ("Resp't Mot."), Docket Entry No. 10; Resp't Mem. in Supp. of Resp. Mot. ("Resp't Mem."), Docket Entry No. 11.) By Order dated January 13, 2020 (the "January 2020 Order"), the court in SDNY granted Respondent's motion and transferred the petition to EDNY. (Jan. 2020 Order, Docket Entry No. 15.)

For the reasons set forth below, the Court dismisses the petition for lack of jurisdiction.

**I. Background**

Petitioner appears to challenge at least five convictions, as he references separate sentencing and conviction dates, ranging from 2001 to 2018. (Pet. 1.) Petitioner alleges that he pleaded guilty in at least some of these cases,[3] but that neither his attorney nor the state court notified him that "these pleadings w[ould] affect [his] immigration status." (*Id.* at 1–2.) In April of 2018, the United States Department of Homeland Security commenced removal proceedings against Petitioner, a citizen of St. Vincent and the Grenadines. (Notice to Appear 20, annexed to Pet., Docket Entry No. 1.) On November 9, 2018, an immigration judge ordered Petitioner to be held in custody without bond, and on March 21, 2019, the Board of Immigration Appeals (the "BIA") upheld that decision. (BIA Decision dated Mar. 21 2019 ("BIA Decision") 21, annexed to Pet., Docket Entry No. 1.)

---

[3] It is unclear if Petitioner pleaded guilty in all of these cases, and he notes at least one case where he did not plead guilty. (Pet. 1.)

2

## II. Discussion

Petitioner's challenge to his prior state court convictions is properly reviewed under 28 U.S.C. § 2254.[4] Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "This provision 'requires that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (alteration omitted) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *see also Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") The Second Circuit has explicitly held that "immigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254." *Ogunwomoju v. United States*, 512 F.3d 69, 70 (2d Cir. 2008).

Petitioner does not allege that he is in custody pursuant to any of the state court convictions set forth in the petition, and in fact indicates that "no jail time was served" in his cases. (Pet. 4.) Petitioner appears to challenge his prior state court convictions in Kings County Criminal Court in an effort to defend against his removal. (*Id.* at 11.) The Notice to Appear,

---

[4] Petitioner filed the petition using a 28 U.S.C. § 2255 form motion. (*See* Pet.) Pursuant to section 2255, a prisoner in custody on a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Petitioner has not alleged that he is in custody pursuant to a federal sentence and does not challenge any federal sentence. Accordingly, the Court does not review the petition under section 2255.

which Petitioner has attached to his petition, indicates that removal proceedings were commenced because he was not "admitted or paroled after inspection by an Immigration officer," (Notice to Appear), and his criminal convictions, along with the rest of his criminal history, were considered in connection with the immigration judge's bond order, (BIA Decision). At the time the petition was filed, Petitioner was in immigration custody. (*See* Pet. 1, 8.)

Accordingly, Petitioner is not "in custody" pursuant to any state court convictions and this Court lacks jurisdiction to consider a section 2254 challenge to those expired convictions.[5]

## III. Conclusion

For the reasons set forth above, the Court dismisses the petition for a writ of habeas corpus for lack of jurisdiction. A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

Dated: January 29, 2020
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

---

[5] Respondent has notified the Court that Petitioner filed a petition seeking review of his removal order in the United States Court of Appeals for the Second Circuit. (*See* Resp't Mem. 2 (citing *Warren v. Barr*, No. 19-2752 (2d Cir. filed Aug. 30, 2019)).)